UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>COLIN P. MAHON, SEAN M. MAHON, LAURA L. MAHON, JACOB KLEIN, FALKIRK GOLF CLUB LLC d/b/a FALKIRK GOLF CLUB, E-Z-GO LLC, TEXTRON SPECIALIZED VEHICLES INC. and TEXTRON, INC.,<br><br>Defendants. | Case No. 25-3243<br><br>**COMPLAINT** |

Plaintiff GOVERNMENT EMPLOYEES INSURANCE COMPANY (hereafter "GEICO" or "Plaintiff"), by and through its undersigned attorneys, Goldberg Segalla, as and for its Complaint for Declaratory Judgment against COLIN P. MAHON ("Colin Mahon"), SEAN M. MAHON ("Sean Mahon"), LAURA L. MAHON ("Laura Mahon"), JACOB KLEIN ("Jacob Klein"), FALKIRK GOLF CLUB LLC d/b/a FALKIRK GOLF CLUB ("Falkirk"), E-Z-GO LLC ("E-Z-Go"), TEXTRON SPECIALIZED VEHICLES INC. ("Textron Specialized"), a wholly owned subsidiary of TEXTRON, INC. ("Textron"), (collectively hereafter "Defendants"), herein respectfully alleges and states the following, upon information and belief:

**PARTIES**

1. At all times hereinafter mentioned, GEICO was and remains a company domiciled in Nebraska with a principal place of business in Chevy Chase, Maryland.

2. At all times hereinafter mentioned, Defendant Colin Mahon was and still is a resident of Orange County, New York.

3. At all times hereinafter mentioned, Defendant Sean Mahon was and still is a resident of Orange County, New York.

4. At all times hereinafter mentioned, Defendant Laura Mahon was and still is a resident of Orange County, New York.

5. At all times hereinafter mentioned, Defendant Jacob Klein was and still is a resident of Orange County, New York.

6. At all times hereinafter mentioned, Defendant Falkirk was and remains a limited liability company that is domiciled in and with a principal place of business in New York.

7. At all times hereinafter mentioned, Defendant E-Z-Go was and remains a foreign limited liability company in Delaware with a principal place of business in Georgia.

8. At all times hereinafter mentioned, Defendant Textron Specialized was and remains a corporation that is incorporated in Delaware with a principal place of business Georgia.

9. At all times hereinafter mentioned, Defendant Textron was and remains a corporation that is incorporated in Delaware with a principal place of business in Rhode Island.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. Section 1332 and 28 U.S.C. Section 2201.

11. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) in that certain Defendants reside and a substantial part of the events giving rise to this claim occurred here.

12. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Plaintiff, GEICO.

13. Plaintiff has no adequate remedy at law.

Sensitivity: Company-Internal

## THE UNDERLYING ACTION

14. On or about January 21, 2025, Jacob Klein filed a complaint against Mahon, Falkirk, E-Z-Go, Textron Specialized and Textron i/s/a "E-Z-Go, Textron Specialized Vehicles, Inc. and Textron Inc." in the Supreme Court of the State of New York, Orange County, bearing Index No. EF000674/2025, to recover for injuries allegedly sustained on or about May 27, 2024 at the premises known as Falkirk Golf Club located at 206 Smith Clove Road, Town of Central Valley, Orange County, New York (the "Premises") (the "Klein Action"). A true and correct copy of Summons and Verified Complaint for the Klein Action is annexed hereto as **Exhibit A**.

15. Specifically, Jacob Klein alleges that he was injured when Colin Mahon lost control and caused the golf cart he was operating at the Premises to roll over. It is alleged that Jacob Klein, a passenger, sustained severe and permanent injuries due to Colin Mahon's inattentive, careless, reckless and negligent operation of the golf cart at the Premises. *See* **Exhibit A**.

16. Upon information and belief, prior to May 27, 2024, Allstate Insurance Company ("Allstate") issued a primary homeowners insurance policy (the "Allstate Policy").

17. Upon information and belief, Colin Mahon is currently being defended in the Klein Action under the Allstate Policy.

## THE GEICO POLICY

18. GEICO issued and delivered a Personal Umbrella Insurance Policy no. P5034980 to Sean Mahon and Laura Mahon that was in effect for the period from July 17, 2023 to July 17, 2024 (the "GEICO Umbrella Policy").

19. The GEICO Umbrella Policy, as amended, reads, in relevant part, as follows:

\*\*\*

## PART I – DEFINITIONS

In this policy, **you** and **your** mean the **insured** named in the declarations and spouse if a resident of **your** household.  **We, us** and **our** mean the GOVERNMENT EMPLOYEES INSURANCE COMPANY. Other words are defined as follows:

\*\*\*

7. **Insured** means:
    (a) **You** and **your** spouse if a resident of **your** household. With respect to a motor vehicle or **watercraft,** such person is an **insured** only if the motor vehicle or **watercraft** is insured by a primary policy.
    (b) **Relatives** residing in **your** household as well as a household resident under age 21 in the care and custody of **you** or **your** spouse. With respect to a motor vehicle or **watercraft,** such person is an **insured** only if the motor vehicle or **watercraft** is insured by a primary policy and shown on the **declarations** of this Personal Umbrella Policy.

\*\*\*

13. **Primary insurance** means insurance:
    (a) For which a minimum required liability limit is shown on the **declarations;** and
    (b) Which is payable on behalf of an **insured** for liability for **personal injury** or **property damage;** and
    (c) Which must be maintained as a condition of this policy.

\*\*\*

15. **Relative** means a person related to **you** who resides in **your** household.

\*\*\*

## PART II – COVERAGE

**We** pay **damages** on behalf of an **insured** arising out of an **occurrence,** subject to the terms and conditions of this policy.

## PART III – EXCLUSIONS

**We** do not cover **damages** arising from:

\*\*\*

*We* do not cover *damages* arising from:
7. *Property damage* to:

\*\*\*

   (c) Property rented to, used by, or in the care of an *insured.*

\*\*\*

4

21. The ownership, maintenance, use, rental, loading, unloading, entrustment or supervision of any motorized vehicle that is designed for use principally off public roads that is not registered for use on public roads.

\*\*\*

25. The ownership, maintenance, use, rental, loading, unloading, entrustment or supervision of any motor vehicle or real property an *insured* owns or uses regularly unless the motor vehicle or real property is shown on the *declarations* page of this policy.

\*\*\*

## PART VI – CONDITIONS

\*\*\*

2. **Defense and Settlement.** Except as provided in Part V., *we* are not required to take charge of the investigation, defense or settlement of a claim or suit. *We* have the right at any time to join an *insured* or the primary insurers in the investigation, defense and settlement of a claim or suit. If the *primary insurance* limit is paid, *we* have the option to defend a claim or suit. *We* may investigate and settle a claim or suit which *we* feel is appropriate.

\*\*\*

5. **Other Insurance.** This insurance is excess over, and shall not contribute with, any other insurance, whether primary, excess, contingent or on any other basis.

\*\*\*

15. In the event of a loss covered by this policy, *we* pay only those *damages* which exceed the limits of liability shown in Item V. of the *declarations* or the limits of liability shown in any applicable primary policy, whichever is greater.

\*\*\*

20.  By correspondence dated February 27, 2025, GEICO denied coverage to Mahon under the GEICO Umbrella Policy as it pertains to the Klein Action.

### FIRST CAUSE OF ACTION – AGAINST ALL DEFENDANTS
### (Declaratory Judgment)

21.  GEICO repeats and reiterates each and every allegation contained in paragraphs "1" through "20" as though more fully set forth herein.

22.  The GEICO Umbrella Policy provides coverage only to those individuals that qualify as an "insured."

Sensitivity: Company-Internal

5

23. The GEICO Umbrella Policy defines an "insured" to include "[r]elatives residing in your household as well as a household resident under age 21 in the care and custody of you or your spouse.  With respect to a motor vehicle or watercraft, such person is an insured only if the motor vehicle or watercraft is insured by a primary policy and shown on the declarations of this Personal Umbrella Policy."

24. As the golf cart allegedly operated by Colin Mahon was not a "…motor vehicle insured by a primary policy and shown in the declarations of this [GEICO Umbrella Policy]", Colin Mahon does not qualify as an "insured" under the GEICO Umbrella Policy with respect to the claims asserted in the Klein Action.

25. GEICO is entitled to a declaration that it does not owe defense or indemnification to the Defendants with respect to the claims asserted in Klein Action as Colin Mahon is not an "insured" under the GEICO Umbrella Policy GEICO.

26. GEICO is not obligated to indemnify Colin Mahon nor any of the Defendants for any judgment entered against him in the Klein Action.

27. GEICO has no adequate remedy at law.

### SECOND CAUSE OF ACTION – AGAINST ALL DEFENDANTS
**(Declaratory Judgment)**

28. GEICO repeats and reiterates each and every allegation contained in paragraphs "1" through "27" as though more fully set forth herein.

29. The GEICO Umbrella Policy excludes coverage for "damages arising" from "[t]he ownership, maintenance, use, rental, loading, unloading, entrustment or supervision of any motorized vehicle that is designed for use principally off public roads that is not registered for use on public roads."

Sensitivity: Company-Internal

30. As the golf cart allegedly operated by Colin Mahon involved the "… use, rental, entrustment or supervision of any motorized vehicle that is designed for use principally off public roads that is not registered for use on public roads", the GEICO Umbrella Policy excludes coverage to Colin Mahon with respect to the claims asserted in the Klein Action.

31. GEICO is entitled to a declaration that it does not owe defense or indemnification to Colin Mahon as the claims asserted in Klein Action are excluded under the GEICO Umbrella Policy GEICO.

32. GEICO is not obligated to indemnify Colin Mahon nor any of the Defendants for any judgment entered against him in the Klein Action.

33. GEICO has no adequate remedy at law.

**THIRD CAUSE OF ACTION – AGAINST ALL DEFENDANTS**
**(Declaratory Judgment)**

34. GEICO repeats and reiterates each and every allegation contained in paragraphs "1" through "33" as though more fully set forth herein.

35. The GEICO Umbrella Policy excludes coverage for damages arising from "[t]he ownership, maintenance, use, rental, loading, unloading, entrustment or supervision of any motor vehicle or real property an insured owns or uses regularly unless the motor vehicle or real property is shown on the declarations page of this policy."

36. As the golf cart allegedly operated by Colin Mahon involved the "… use, rental…entrustment or supervision of any motorized vehicle…" that was not "…shown on the declarations page of this [GEICO Umbrella Policy]", the GEICO Umbrella Policy excludes coverage to Colion Mahon with respect to the claims asserted in the Klein Action.

37. GEICO is entitled to a declaration that it does not owe defense or indemnification to Colin Mahon nor any of the Defendants as the claims asserted in Klein Action are excluded under the GEICO Umbrella Policy GEICO.

38. GEICO is not obligated to indemnify Colin Mahon nor any of the Defendants for any judgment entered against him in the Klein Action.

39. GEICO has no adequate remedy at law.

**WHEREFORE**, Plaintiff GEICO, respectfully requests and demands that this honorable Court enter a judgment declaring the rights and other legal relations of the parties hereto with respect to the matters set forth in this Complaint and a declaratory judgment specifying the following:

a. The GEICO Umbrella Policy does not afford coverage to the Defendants with respect to the claims asserted in the Klein Action;
b. The GEICO Umbrella Policy specifically excludes coverage to the Defendants with respect to the claims asserted in the Klein Action;
c. GEICO has no duty to defend or indemnify the Defendants with respect to the claims asserted in the Klein Action;
d. GEICO has no duty to pay any damages and/or judgment on behalf of any of the Defendants with respect to the claims asserted in the Klein Action;
e. Colin Mahon and the Defendants are bound by any declaration of coverage issued in the instant action;
f. GEICO shall be awarded costs and reasonable attorney's fees in connection with the instant action; and
g. GEICO is awarded such other and further relief as the Court deems just and proper.

Dated: White Plains, New York
April 18, 2025

GOLDBERG SEGALLA LLP

Luis G. Sabillon
*Attorneys for Plaintiff*
50 Main Street, Suite 425
White Plains, NY 10606-1934

Sensitivity: Company-Internal

8